IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv292

| | |
|---|---|
| WILMA RUFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WAL-MART STORES EAST, L.P., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pending before the Court is Defendant's Motion for Summary Judgment [# 16]. Plaintiff brought this action asserting a claim of negligence against Defendant Wal-Mart Stores East, L.P. ("Wal-Mart"). Plaintiff's claim arises out of a slip and fall at a Wal-Mart store in Forest City, North Carolina. Defendant Wal-Mart moves for summary judgment on Plaintiff's claim. The Court **DENIES** Defendant's motion [# 16].

**I.   Background[1]**

On the evening of May 23, 2008, Plaintiff entered a Wal-Mart store in Forest City, North Carolina with her sister. (Pl. Dep. 43:7-23, Apr. 12, 2011.) Plaintiff

---

[1] The Court has viewed the facts and drawn all reasonable inferences in the light most favorable to Plaintiff, as required when reviewing Defendant's Motion for Summary Judgment. See United States v. Diebold, Inc., 369 U.S. 645, 655, 82 S. Ct. 993, 994 (1962).

-1-

was 59 years old at the time. (Pl. Dep. 8:14-17.) Plaintiff and her sister entered the Wal-Mart through the main entrance and proceeded to the housewares department to look for screws. (Pl. Dep. 44: 7-10, 46:11-18, 47:3-7.) After they could not locate the screws in the housewares department, Plaintiff and her sister walked to the hardware department. (Pl. Dep. 46:21-25, 47:21-22, 49:3-4.) After locating the screws, Plaintiff exited the hardware department onto the main aisle in order to proceed towards the checkout counters. (Pl. Dep. 49:6-8.)

As they were leaving the hardware department, Plaintiff and her sister passed the paint counter, where a Wal-Mart employee was stationed. (Pl. Dep. 70:8-25.) This employee asked if Plaintiff and her sister had found everything they needed. (Pl. Dep. 70:8-25.) Plaintiff contends that there were no customers at the paint counter at the time. (Pl. Dep. 67:21-68:1.) The employee, however, contends that he was busy mixing paint for customers when Plaintiff passed the counter. (Sheehan Dep. 8:14-21, Oct. 3, 2011.)

After Plaintiff and her sister walked past the paint counter, they paused at the intersection with the main aisle. (Johnson Dep. 29:1-25, Apr. 18, 2011.) Plaintiff's sister saw two Wal-Mart employees talking approximately 20 to 25 feet to their right. (Johnson Dep. 29:7-14, 59:21-25.) Plaintiff and her sister then proceeded to cross the main aisle. (Johnson Dep. 29:20-25.) Within a few steps of

being on the main aisle, Plaintiff stepped in some type of clear gel or other substance, slipped, and fell to the floor. (Pl. Dep. 49:8-14, 52:11-17, 75:3-25; Johnson Dep. 30:1-11, 56:16-20; Sheehan Dep. 13:13-21.) The area where Plaintiff fell was in close proximity to the paint counter. (Pl. Dep. 69:10-70:1; Ex. 1 to Pl. Dep.; Sheehan Dep. 15:21-16-8.) Plaintiff's sister later saw gel footprints in the area where she saw the two Wal-Mart employees standing. (Johnson Dep. 49:7-50:2.) Plaintiff's sister also saw gel in three or four other places in the store after her sister fell. (Johnson Dep. 50:17-51:6.)

When Plaintiff fell, she was looking straight ahead as she was walking. (Pl. Dep. 57:9-13, 78:5-8.) Plaintiff had not walked past the area where she fell when she first entered the store. (Pl. Dep. 51:20-22.) Neither Plaintiff nor her sister, however, knows when the gel was placed on the floor or who put it there. (Pl. Dep. 85:11-22, Johnson Dep. 56:23-57:12.)

**II.     Legal Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of some alleged factual dispute between the parties will not defeat a motion for summary. Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986); Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003). Rather, there must be a genuine issue of material fact. Id. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248, 106 S. Ct. 2510. Finally, in deciding a motion for summary judgment, the Court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). It may, however, consider the other materials in the record. Id.

### III. Analysis

In North Carolina, store owners have a "duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." Nelson v. Freeland, 507 S.E.2d 882, 892 (N.C. 1998). A customer such as Plaintiff who slips and falls on a foreign substance in a store may demonstrate that a store owner was negligent by proving that "the defendant either: (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence." Roumillat v. Simplistic Enters., Inc., 414 S.E.2d 339, 342-43 (N.C. 1992); Herring v. Food Lion, LLC, 623 S.E.2d 281, 284 (N.C. Ct. App. 2005); Williamson v. Food Lion, Inc., 507 S.E. 2d 313, 315

(N.C. Ct. App. 1998). Where a third party, rather than the defendant, creates the unsafe condition in the store, a plaintiff must show that the unsafe condition existed for such a period of time that the defendant knew or by the exercise of reasonable care should have known of the condition's existence, so that the defendant could have removed the danger or provided a proper warning to its customers. Furr v. K-Mart Corp., 543 S.E.2d 166, 168 (N.C. Ct. App. 2001). "Evidence that the dangerous condition existed for some period of time prior to the fall may create an inference of constructive notice." Herring, 623 S.E.2d at 285; see also Furr, 543 S.E.2d at 168.

Plaintiff has not presented any evidence that Wal-Mart negligently created the condition by placing the gel or other substance that caused Plaintiff's injury on the floor. Instead, the question is whether Defendant failed to correct the condition after having actual or constructive notice of the fact that the substance was on the floor. The Court finds that a question of genuine material fact exists as to whether Defendant knew or had constructive knowledge that the gel was on the floor.

Plaintiff slipped and fell in the main aisle of the Wal-Mart. This area was in sight of a Wal-Mart employee who was manning the paint counter. Moreover, Plaintiff's sister saw two Wal-Mart employees standing in the main aisle to the

right of where the accident occurred.  After the accident, Plaintiff's sister saw gel footprints on the floor in the area where the two employees were standing.  She also saw gel in several other places in the store.  Viewing the facts and drawing all reasonable inferences in the light most favorable to Plaintiff, a jury could determine that the gel was on the floor for a sufficient period of time prior to the accident such as to raise an inference that Defendant had constructive notice of the gel's presence.  See Furr, 543 S.E.2d at 168.  Finally, a jury could also find that the Wal-Mart employees walked through the gel and either saw the substance or should have seen the substance and failed to correct the condition or provide a warning to customers.  Accordingly, a genuine question of material fact exists as to whether Defendant negligently failed to correct a dangerous condition after having actual or constructive notice of its existence.  See Roumillat, 414 S.E.2d at 342-43.

Defendant, however, also contends that it is entitled to summary judgment because Plaintiff's own contributory negligence precludes her recovery as a matter of law.  Defendant's contention is without merit.  "The basic issue with respect to contributory negligence is whether the evidence shows that, as a matter of law, plaintiff failed to keep a proper lookout for her own safety."  Rone v. Byrd Food Stores, Inc., 428 S.E.2d 284, 286 (N.C. Ct. App. 1993) (internal quotations and

citation omitted); see also Duval v. OM Hospitality, LLC, 651 S.E.2d 261, 265 (N.C. Ct. App. 2007). Put another way, would a person exercising ordinary care for her own safety in the same or similar condition as Plaintiff, have looked down at the floor and seen the gel while walking through the Wal-Mart. See Nelson v. Novant Health Triad Region, L.L.C., 583 S.E.2d 415, 419 (N.C. Ct. App. 2003); Duval, 651 S.E.2d at 265; Smith v. Wal-Mart Stores, Inc., 495 S.E.2d 149, 152-53 (N.C. Ct. App. 1998). Ordinarily, such questions are for the jury. Duval, 651 S.E.2d at 265.

Here, the decision of Plaintiff to look ahead as she was walking through Wal-Mart instead of down at the floor does not constitute contributory negligence as a matter of law. See Nelson, 583 S.E.2d at 419 (holding that whether the plaintiff's decision to look ahead to navigate debris on the floor of a hospital was more or less reasonable than looking down at the floor was a question of fact for the jury); Norwood v. Sherwin-Williams Co., 279 S.E. 2d 559, 563-64 (N.C. 1981) ("[W]e cannot conclude as a matter of law that the customer was contributorily negligent in not looking down at the floor."); Smith, 495 S.E.2d at 153; Price v. Jack Eckerd Corp., 398 S.E.2d 49, 52 (N.C. Ct. App. 1990); Kremer v. Food Lion, Inc., 401 S.e.2d 837, 839 (N.C. Ct. App. 1991). As North Carolina courts have routinely found in similar situations, this is a question for the jury. See e.g.

Nelson, 583 S.E.2d at 419. To hold otherwise, would require every customer in any retail store to walk through the store with their eyes fixed to the ground at all times. Finally, this is not a situation like <u>Blake v. Great Atlantic & Pacific Tea Co.</u>, 75 S.E.2d 921 (N.C. 1953), where the plaintiff was walking backwards while pulling a loaded truck through the doorsill of a warehouse, thereby not looking where he was walking. Unlike the plaintiff in <u>Blake</u>, and in contrast to Defendant's contention to the contrary, Plaintiff's decision to look straight ahead while walking through the Wal-Mart was not akin to walking while wearing a blindfold. Accordingly, the Court **DENIES** Defendant's Motion for Summary Judgment [# 16].

### IV. Conclusion

The Court **DENIES** Defendant's Motion for Summary Judgment [# 16].

Signed: December 9, 2011

Dennis L. Howell
United States Magistrate Judge